UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| RENNE C. MAURICE,<br><br>            Plaintiff,<br><br>      v.<br><br>ALLSTATE INSURANCE COMPANY,<br><br>            Defendant. | CASE NO. 2:19-CV-1837-JCC-DWC<br><br>REPORT AND RECOMMENDATION<br><br>Noting Date: January 3, 2020 |

The District Court referred this action to United States Magistrate Judge David W. Christel. Dkt. 6. Presently before the Court is Defendant Allstate Insurance Company's ("Allstate") Partial Motion to Dismiss. Dkt. 9. The Court concludes Plaintiff's insurance bad faith and Insurance Fair Conduct Act ("IFCA") claims arising from a 2013 motor vehicle accident are barred by the statute of limitations. Accordingly, the undersigned recommends Defendant's Partial Motion to Dismiss (Dkt. 9) be granted and Plaintiff's insurance bad faith and IFCA claims related to the 2013 motor vehicle accident be dismissed with prejudice.

## I. Background

In the Complaint, Plaintiff alleges, in relevant part, that, on March 12, 2013, she was involved in a motor vehicle accident. Dkt. 1-1. On the date of the accident, Plaintiff was insured by Allstate and her policy included "un- and underinsured motorist coverage benefits (["]UIM["])." *Id.* Plaintiff made a claim to Allstate for payment of her UIM policy limits. *Id.* at ¶ 3.11. Allstate "refused to make any payment" to Plaintiff for her uncompensated collision damages. *Id.* at ¶ 3.12. Plaintiff alleges "Allstate lacks any reasonable basis for its refusal to pay these UIM coverage benefits to [Plaintiff]." *Id.*

On November 20, 2019, Allstate filed the pending Motion to Dismiss.[1] Dkt. 9. Plaintiff filed her Response on December 9, 2019, and, on December 13, 2019, Allstate filed its Reply. Dkt. 14, 16. The undersigned heard oral argument on December 17, 2019.[2]

## II. Standard of Review

A defendant may move for dismissal when a plaintiff "fails to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To grant a motion to dismiss, the Court must be able to conclude that the moving party is entitled to judgment as a matter of law, even after accepting all factual allegations in the complaint as true and construing them in the light most

---

[1] Plaintiff asserts the Motion to Dismiss is a motion for summary judgment because the parties are relying on facts outside the pleadings. Dkt. 14. The Ninth Circuit has "extended the 'incorporation by reference' doctrine to situations in which the plaintiff's claim depends on the contents of a document, the defendant attaches the document to its motion to dismiss, and the parties do not dispute the authenticity of the document, even though the plaintiff does not explicitly allege the contents of that document in the complaint." *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005); *see Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006). Here, Plaintiff alleges Allstate denied her IFCA claim. Dkt.1-1. As Plaintiff's IFCA claim relies on Allstate's denial of her claim, the Court will consider the September 5, 2016 letter from Allstate denying Plaintiff's UIM claim. *See also Swedberg v. Marotzke,* 339 F.3d 1139, 1143–1146 (9th Cir. 2003) (where a district court does not rely on the materials submitted outside the pleadings, a motion to dismiss need not be converted into a motion for summary judgment).

[2] The Court heard argument from Attorney Bryan J. Case, on behalf of Defendant, and Attorney Kevin M. Winters, on behalf of Plaintiff.

REPORT AND RECOMMENDATION - 2

favorable to the non-moving party. *Fleming v. Pickard*, 581 F.3d 922, 925 (9th Cir. 2009). To survive a motion to dismiss, a plaintiff must merely cite facts supporting a "plausible" cause of action. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007). A claim has "facial plausibility" when the party seeking relief "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 672 (2009). A court may grant dismissal based on the statute of limitations "only if the assertions of the complaint, read with the required liberality, would not permit the plaintiff to prove that the statute was tolled." *TwoRivers v. Lewis*, 174 F.3d 987, 991 (9th Cir. 1999) (citation and quotation marks omitted). Although the Court must accept as true a complaint's well-pleaded facts, conclusory allegations of law and unwarranted inferences will not defeat an otherwise proper Rule 12(b)(6) motion. *Vasquez v. L.A. County,* 487 F.3d 1246, 1249 (9th Cir. 2007).

### III. Discussion

#### A. *Bad Faith Claim*

Plaintiff concedes the statute of limitations has run on the insurance bad faith claim arising from the 2013 motor vehicle accident. Dkt. 14. Accordingly, the Court recommends this claim be dismissed with prejudice.

#### B. *IFCA Claim*

Allstate asserts Plaintiff's IFCA claim is barred by the statute of limitations. Dkt. 9, 16. The statute of limitations for an IFCA claim is three years and begins to run when the insurer first unreasonably denies coverage. *Ward v. Stonebridge Life Ins. Co.*, 2013 WL 3155347, at *5, C13-5092-RBL, (W.D. Wash. June 21, 2013) (citing Wash. Rev. Code § 4.16.080(2)), *aff'd*, 608 Fed. App'x 487 (9th Cir. 2015).

1      Here, the Complaint is devoid of dates related to Allstate's denial of Plaintiff's UIM
2 claim. *See* Dkt. 1-1. However, Allstate sent Plaintiff a letter on September 5, 2016 stating, "the
3 settlement for your claim was zero[.]" Dkt. 14-2, p. 14. Thus, Allstate denied coverage of
4 Plaintiff's UIM claim related to the 2013 motor vehicle accident, at the latest, on September 5,
5 2016. Plaintiff filed the Complaint in state court on October 15, 2019, more than three years after
6 Allstate denied Plaintiff's claim. Therefore, Plaintiff's IFCA claim was not timely filed.
7      Plaintiff asserts the IFCA claim is not barred by the statute of limitations because (1) the
8 IFCA claim accrued on September 23, 2016 and (2) she is entitled to equitable tolling. Dkt. 14.
9      First, Plaintiff argues it was not clear to her that Allstate reviewed all the information
10 related to Plaintiff's UIM claim until September 23, 2016. *See id*. Plaintiff states that, after she
11 received the September 5, 2016 letter from Allstate, she e-mailed Allstate on September 14,
12 2016, to confirm if Allstate had received the documents Plaintiff sent to Allstate in May 2016.
13 Dkt. 14, p. 9. Allstate responded to Plaintiff's e-mail that same day, September 14, 2016, stating
14 it had reviewed all the documents and valued the claim at zero. *See id*. at p. 5. Plaintiff contends
15 she did not actually receive Allstate's e-mail until September 23, 2016, when she returned from
16 vacation. *See id*. Thus, because she received the September 14, 2016 letter on September 23,
17 2016, Plaintiff maintains the IFCA claim accrued on September 23, 2016. *See* Dkt. 14. The Court
18 is not persuaded by this argument.
19      "A cause of action accrues when the plaintiff knew or should have known all the facts
20 underlying the essential elements of the action." *Aventa Learning, Inc. v. K12, Inc.*, 830 F. Supp.
21 2d 1083, 1095 (W.D. Wash. 2011). As stated above, the Court finds the IFCA claim accrued, at
22 the latest, on September 5, 2016, when Allstate sent a letter notifying Plaintiff her claim was
23 valued at zero. Plaintiff should have known of the denial of her claim on September 5, 2016.
24

REPORT AND RECOMMENDATION - 4

Plaintiff's decision to seek clarification from Allstate and to not check her e-mail until she returned from vacation does not postpone the initiation of the limitations period.[3]

Second, Plaintiff contends that, even if the Court finds the IFCA claim accrued before September 23, 2016, Plaintiff is entitled to equitable tolling, making her claim timely. Dkt. 14, p. 10. Only in rare cases will the doctrine of equitable tolling allow a plaintiff to avoid the statute of limitations. *Bowen v. City of New York*, 476 U.S. 467, 481 (1986). The doctrine "is appropriate when (a) the defendant has exhibited bad faith, deception, or false assurances; (b) the plaintiff has acted diligently; and (c) justice so requires." *Chi v. Allstate Ins. Co.*, 2009 WL 2473512, at *2, C08-855-MJP (W.D. Wash. Aug. 6, 2009) (citing *Millay v. Cam*, 955 P.2d 791, 797 (1998)).

Plaintiff's Complaint does not contain sufficient facts to support any of the elements of equitable tolling. *See* Dkt. 1-1. Further, the assertions in Plaintiff's Response that she is entitled to equitable tolling are insufficient. *See* Dkt. 14, p. 10. Plaintiff argues Allstate inaccurately informed Plaintiff that no new documentation had been received and valued her claim at zero. *Id*. Plaintiff contends that, because Allstate provided inaccurate statements, Plaintiff did not know her claim had been denied until Allstate clarified it had received the documents Plaintiff sent in May 2016. *See id.* at pp. 5, 10.

The Court finds Allstate denied Plaintiff's UIM claim, at the latest, on September 5, 2016. While the September 5, 2016 letter states that no new information had been received, the letter also states Allstate "review[ed] the medical information [Plaintiff] forwarded…" Dkt. 10, p. 20. There is no indication Allstate failed to consider documents submitted by Plaintiff in May 2016, nearly four months earlier. *See id*. As such, Plaintiff has not alleged facts sufficient to

---

[3] The Court notes that, even if the Court found the IFCA claim accrued on September 14, 2016, the limitations period expired prior to the initiation of this lawsuit.

show Allstate exhibited bad faith, deception, or false assurances. Therefore, the Court finds Plaintiff has not plead facts in the Complaint, nor are the assertions in her Response, sufficient to show she is entitled to equitable tolling.

C.  *Conclusion*

In conclusion, Plaintiff concedes the insurance bad faith claim arising from Allstate's conduct regarding the 2013 motor vehicle accident is barred by the statute of limitations. The Court also concludes Plaintiff's IFCA claim arising from Allstate's conduct regarding the 2013 motor vehicle accident is barred by the statute of limitations and Plaintiff has not plead facts sufficient to show she is entitled to equitable tolling. Accordingly, the Court finds Plaintiff's insurance bad faith and IFCA claims arising from Allstate's conduct regarding the 2013 motor vehicle accident should be dismissed. Because Plaintiff concedes her bad faith claim is untimely and because the Court can conceive of no facts that could be plead to cure the deficiency resulting from Plaintiff's untimely filing of IFCA claim, the Court recommends the dismissals be with prejudice. *See Coppinger v. Allstate Ins. Co.*, 2018 WL 278646, at *3, C17-1756-JCC (W.D. Wash. Jan. 3, 2018).

**IV.    Conclusion**

For the foregoing reasons, the Court recommends Allstate's Partial Motion to Dismiss (Dkt. 9) be granted and Plaintiff's insurance bad faith and IFCA claims arising from Allstate's conducting regarding the 2013 motor vehicle accident be dismissed with prejudice.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v Arn*, 474 U.S. 140 (1985). Accommodating the time

1 | limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on January

2 | 3, 2020, as noted in the caption.

3      Dated this 19th day of December, 2019.

David W. Christel
United States Magistrate Judge