UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| RENEE C. MAURICE,<br><br>            Plaintiff,<br><br>    v.<br><br>ALLSTATE INSURANCE COMPANY,<br><br>            Defendant. | CASE NO. 2:19-CV-1837-JCC-DWC<br><br>REPORT AND RECOMMENDATION<br><br>Noting Date: April 17, 2020 |

The District Court referred this action to United States Magistrate Judge David W. Christel. Dkt. 6. Presently before the Court is Defendant Allstate Insurance Company's ("Allstate") Partial Motion for Summary Judgment ("Motion"). Dkt. 21. The Court concludes Plaintiff Renee Maurice has failed to state a breach of contract claim against Allstate regarding Allstate's conduct arising from a 2016 motor vehicle accident. Therefore, the undersigned recommends Allstate's Motion (Dkt. 21) be granted and Maurice's claims arising from the 2016 motor vehicle accident be dismissed.

## I. Background

In the Complaint, Maurice alleges, in relevant part, that, on October 18, 2016, she was involved in a motor vehicle accident. Dkt. 1-1. On the date of the accident, Maurice was insured by Allstate and her policy included "un- and underinsured motorist coverage benefits (["]UIM["])." *Id.* ¶ 3.18. Maurice made a claim to Allstate for payment of her UIM policy limits. *Id.* at ¶ 3.25. Maurice alleges that Allstate "failed to either investigate Renee Maurice's UIM claim or pay . . . those UIM coverage benefits" to Maurice for her uncompensated collision damages. *Id.* at ¶ 3.28. Maurice alleges Allstate's acts and omissions "are without reasonable justification, wrongful, and constitute breaches of its duty of good faith and fair dealing owed." *Id.* ¶ 4.7.[1]

On January 16, 2020, Allstate filed the pending Motion. Dkt. 21. Maurice filed her Response on February 3, 2020, and, on February 7, 2020, Allstate filed its Reply. Dkt. 25, 26. The undersigned heard oral argument on February 27, 2020.[2] During oral argument, the undersigned denied Plaintiff's request for an extension of time to complete discovery under Federal Rule of Civil Procedure 56(d).

## II. Standard of Review

Summary judgment is proper only if the pleadings, discovery, and disclosure materials on file, and any affidavits, show that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The moving party is

---

[1] On January 28, 2010, the Honorable John C. Coughenour, the District Judge assigned to this case, dismissed Maurice's insurance bad faith and Insurance Fair Conduct Act claims related to the 2013 motor vehicle accident with prejudice.

[2] The Court heard argument from Attorney Bryan J. Case, on behalf of Allstate, and Attorney Kevin M. Winters, on behalf of Maurice.

REPORT AND RECOMMENDATION - 2

entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient showing on an essential element of a claim in the case on which the nonmoving party has the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). There is no genuine issue of fact for trial where the record, taken as a whole, could not lead a rational trier of fact to find for the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (nonmoving party must present specific, significant probative evidence, not simply "some metaphysical doubt"); *see also* Fed. R. Civ. P. 56(e). Conversely, a genuine dispute over a material fact exists if there is sufficient evidence supporting the claimed factual dispute, requiring a judge or jury to resolve the differing versions of the truth. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 253 (1986); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987).

**III.     Evidence**

The evidence shows Maurice was involved in a motor vehicle accident on October 18, 2016. Dkt. 22, Weis Dec., ¶ 2. In late December 2017, Maurice requested Allstate open a UIM claim on her behalf. Dkt. 22, Weis Dec., ¶ 4. Under Maurice's policy, "[a]s soon as possible, any person making a claim must give [Allstate] written proof of claim. It must include all details [Allstate] may need to determine the amounts payable." Dkt. 22-1, p. 13.

"Allstate . . . reviewed [Maurice's] UIM claim, but needed further information from [Maurice] in order to properly evaluate her UIM claim." Dkt. 22, Weis Dec., ¶ 5. On January 15, 2018, Allstate mailed a letter with attached forms to Maurice requesting information regarding the 2016 accident. *Id.*; Dkt. 22-2. On that same date, Allstate also emailed Maurice requesting additional information and inquiring about when Maurice would be submitting a formal demand. Dkt. 22, Weis Dec., ¶ 5; *see* Dkt. 22-3.

1    Maurice responded to the email stating she was still in treatment and her medical bills

2  were approximately $19,250. Dkt. 22-3. Maurice stated she would be claiming lost wages, "not

3  yet calculated" and stated she would "most likely send a demand in March." *Id*. Maurice did not

4  respond to the letter or complete the forms Allstate mailed to her. Dkt. 22, Weis Dec., ¶ 5.

5    On February 12, 2018, Allstate contacted Maurice. *Id*. at ¶ 6. Maurice informed

6  Allstate she was completing treatment and would compile her demand once she had completed

7  treatment. *Id*.; *see* Dkt. 22-3, p. 10. From March of 2018 through October 2019, Allstate

8  continued to request information regarding Maurice's UIM claim and her demand for UIM

9  benefits for the 2016 accident. *See* Dkt. 22, Weis Dec., ¶ 7 (emails and letters were sent March 2,

10  2018, March 16, 2018, March 26, 2018, April 24, 2018, June 1, 2018, September 11,

11  2018, February 1, 2019, April 3, 2019, and October 10, 2019); *see also* Dkt. 22-3; Dkt. 22-4.

12    On February 27, 2019, Maurice retained counsel. Dkt. 22, Weis Dec., ¶ 7; *see* Dkt. 22-3.

13  On October 14, 2019, Maurice initiated this lawsuit seeking to recover UIM benefits related to

14  the 2016 accident. Dkt. 1-1; *see also* Dkt. 22, Weis Dec., ¶ 8. On January 31, 2020, Maurice,

15  through her counsel, sent an email to Allstate allowing Allstate to access all Maurice's

16  information contained in her Allstate "PIP and PIP Subrogation" files and demanding policy

17  limits of $100,000 for the 2016 UIM claim. Dkt. 25, p. 13.

18  **IV.    Discussion**

19    In the Motion, Allstate asserts the claims arising from the 2016 accident should be

20  dismissed because (1) Maurice lacks standing; (2) the claim is not ripe; and (3) there is no

21  genuine issue of material fact regarding whether Allstate breached its duty. Dkt. 21.

A. *Standing*

Maurice properly established standing when she filed her Complaint. Standing is determined as of the commencement of litigation. *Biodiversity Legal Found. v. Badgley*, 309 F.3d 1166, 1171 (9th Cir. 2002). At a "constitutional minimum," standing requires proof (1) that the plaintiff suffered an injury in fact that is "concrete and particularized" and "actual or imminent, not conjectural or hypothetical", (2) of a causal connection between that injury and the complained-of conduct, and (3) that a favorable decision will likely redress the alleged injury. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992). The party invoking federal jurisdiction bears the burden of establishing these elements. *Id.* at 561. In this case, while not explicit, Maurice claims that Allstate's failure to pay her UIM benefits caused her an actual, concrete, and particularized injury. Dkt. 25, pp. 6. Specifically, Maurice alleges that Allstate failed to investigate and pay Maurice's UIM claim for the 2016 accident. *See* Dkt. 1-1. As such, the Court finds Maurice has alleged that, if Defendant complied with its duties under the policy and thoroughly investigated her 2016 claim for UIM benefits, her alleged injury could be redressed. Therefore, Maurice has standing in this Court to sue Allstate for an alleged failure to investigate and pay Maurice's UIM claim for the 2016 accident.

B. *Ripeness*

Maurice's breach of contract claim is ripe given that it is a live controversy. To properly determine whether a case is ripe, the courts consider two factors: (1) the fitness of the issues for judicial decision, and (2) the hardship to the parties of withholding court consideration. *Addington v. U.S. Airline Pilots Ass'n*, 606 F.3d 1174, 1179 (9th Cir. 2010) (citing *Yahoo! Inc. v. La Ligue Contre Le Racisme Et L'Antisemitisme*, 433 F.3d 1199, 1211-12 (9th Cir. 2006)). Additionally, whether the question is one of standing or ripeness, this Court has jurisdiction if a

REPORT AND RECOMMENDATION - 5

constitutional "case or controversy" exists and the issues presented are "definite and concrete, not hypothetical or abstract." *Thomas v. Anchorage Equal Rights Com'n*, 220 F.3d 1134, 1139 (9th Cir. 2000) (quoting *Railway Mail Ass'n v. Corsi*, 326 U.S. 88, 93 (1945)).

In this case, Maurice alleges that Allstate's failure to investigate her UIM claim resulted in a breach of contract. Dkt. 1.1, ¶¶ 3.28, 4.2-4.3. In response, Allstate claims there is no breach because they could not have investigated Maurice's claim: "[Maurice] never sent Allstate a UIM demand, never asked Allstate instead to make an offer of benefits, and never even indicated to Allstate whether she was done treating for her alleged injuries." Dkt. 21, pp. 9-10. In short, there is a live controversy between the parties over whether Allstate had a duty or the ability to investigate and pay Maurice's UIM claim. This disagreement could be resolved by competent judicial decision. Thus, Maurice's breach of contract claim is ripe and sufficient to move forward.

C. *Breach of Contract*

Maurice has not established a successful breach of contract claim. In order to establish a breach of contract claim, a plaintiff must show that (1) a valid contract existed between the parties, (2) the contract imposed a duty on the defendant, (3) the defendant breached the duty, and (4) the breach proximately caused damage to the plaintiff. *Strich v. Accelitec, Inc.*, 2014 WL 1466320, at *4 (W.D. Wash. Apr. 15, 2004) (citing *Citoli v. City of Seattle*, 115 Wn. App. 459, 476 (2002)).

Maurice argues that Allstate breached the policy regarding the 2016 accident because Allstate "failed to either investigate" her UIM claim "or pay to her those UIM coverage benefits to which she is entitled under" the policy. Dkt. 1.1, ¶¶ 3.28, 4.2-4.3. Allstate contends it did not breach a duty; thus, this is the only issue before the Court.

First, Allstate argues the evidence shows Allstate did not fail to investigate, as alleged in the Complaint. *See* Dkt. 21. The evidence, detailed above, shows that, after Maurice put Allstate on notice of the 2016 accident and her request for UIM benefits, Allstate continually requested information from Plaintiff regarding her medical treatment, lost wages, and a formal demand regarding UIM coverage for the 2016 accident. *See* Dkt. 22, Weis Dec., ¶¶ 5-7. Maurice either responded stating she would provide the information when she completed treatment or did not respond to Allstate's requests. *See* Dkt. 22, Weis Dec.; Dkt. 22-3. Allstate has submitted evidence showing it attempted to investigate Maurice's assertion of coverage for the 2016 accident. Maurice has not refuted Allstate's evidence. Therefore, there is no genuine issue of material fact remaining regarding whether Allstate failed to investigate the 2016 "claim."

Second, Allstate asserts it has not failed to pay Maurice UIM coverage benefits from the 2016 accident. Dkt. 21. Under the policy, "[a]s soon as possible, any person making a claim must give [Allstate] written proof of claim. It must include all details [Allstate] may need to determine the amounts payable." Dkt. 22-1, p. 13. Further, "[t]he right to receive any damages and the amount of damages will be decided by agreement between the insured person and Allstate." *Id.* at p. 10. In the context of insurance policies, state courts have deemed a "claim" to be "a demand for compensation." *Safeco Title Ins. Co. v. Gannon*, 54 Wn. App. 330, 335 (1989). Thus, evidence shows the policy requires Maurice to submit a demand for compensation for UIM benefits with documentation before Allstate has a duty to pay a claim. *See* Dkt. 22-1, pp. 13. However, Maurice never made a "claim" because she never made a demand for compensation, but rather said she would when she completed treatment. *See* Dkt. 22, Weis Dec.; Dkt. 22-3. Additionally, Maurice did not provide the required information to support her alleged claim as

required by the policy, despite Allstate's numerous requests for such information. Dkt. 22, Weis Dec., ¶¶ 5-7, Exs. B-D.

Allstate provided evidence showing Maurice was required to provide written proof of a claim and all details necessary for Allstate to determine the amounts payable. Evidence also shows Allstate and Maurice did not fail to reach an agreement regarding payment of benefits because Maurice never made a formal claim. Rather, Allstate has not denied the "claim." As Maurice did not provide a demand or provide Allstate with information related to her 2016 accident prior to initiating this lawsuit, Allstate has not breached its duty to pay Maurice benefits for the alleged claim. Maurice has failed to rebut this evidence and, therefore, there is no genuine issue of material fact remaining regarding whether Allstate failed to pay the 2016 UIM "claim."

Maurice contends that, even if she failed to provide Allstate with access to records and a demand, Allstate was not prejudiced and therefore the Motion should be denied. *See* Dkt. 25, pp. 10-11. Under Washington State law, an insurer is not discharged from its obligation to pay a valid claim absent actual prejudice. *See Pilgrim v. State Farm Fire & Cas. Ins. Co.*, 89 Wash.App. 712, 724-25 (1997). While prejudice is typically a question of fact for the jury, an insurer can show prejudice as a matter of law. *See id.*; *Tran v. State Farm Fire & Cas. Ins. Co.*, 136 Wash.2d 214 (1998). The Court notes this prejudice argument is typically examined as an affirmative defense where the insurer has denied a claim because of the insured's failure to cooperate. *See Torres-Gonzales v. State Farm Fire & Cas. Co.*, 2014 WL 5600190, at *3 (W.D. Wash. 2014). Allstate has not denied Maurice's claim and is not asserting an affirmative defense that Maurice breached the policy. *See* Dkt. 21. Rather, Allstate is arguing it did not breach the contract because it has not had an opportunity to investigate and determine the value of Maurice's claim.

Regardless, the record indicates Allstate has suffered prejudice. Maurice failed to present Allstate with a demand, failed to respond to Allstate's requests for information, and failed to provide Allstate with documentation of her alleged injuries arising from the October 2016 accident. *See* Dkt. 22. The record shows Allstate was unable to investigate and determine the value of Maurice's claim. Dkt. 22, Weis Dec., ¶ 10. Allstate has also been unable to determine if it owes Maurice any money. *Id*. Essentially, Allstate was left in the position of either denying Maurice's "claim without an adequate investigation, which could expose it to claims of bad faith or violations of the Consumer Protection Act, or paying a . . . claim, which would be against public policy." *Tran*, 136 Wash.2d at 230. Therefore, the Court finds Allstate has demonstrated actual prejudice.

Maurice has provided only vague, conclusory statements that Allstate was not prejudiced by her failure to comply with her policy. The Court finds this is insufficient to overcome Allstate's showing that it is entitled to summary judgment. *Compare Tran*, 136 Wash.2d at 228-32 (finding the insurer was entitled to summary judgment and showed actual prejudice where the insured failed to provide documents that would have allowed the insurer to complete its investigation into the insured's claim) *with Wilson v. Geico Indemnity Co.*, 2018 WL 3869436, at *5 (W.D. Wash. Aug. 15, 2018) (finding the insurer did not demonstrate prejudice where the insurer was not prevented from completing its investigation and denying the insured's claim despite the insured not appearing for an "examination under oath") *and Torres-Gonzales*, 2014 WL 5600190 at *4 (finding no prejudice as a matter of law where the insured did not refuse wholesale to cooperate, provided documentation, responded to the insurer's requests with additional information, and completed two recorded interviews).

In sum, Maurice's breach of contract claim fails as a matter of law because Maurice cannot establish the essential elements of the claim, in that, Allstate has not breached its duty to Maurice. *See Kelly v. CSE Safeguard Ins., Co.*, 2011 WL 4526769, at *7 (D. Nev. Sept. 27, 2011), *aff'd*, 532 F. App'x 698 (9th Cir. 2013) (granting summary judgment in favor of the insurer where the plaintiff failed to comply with the cooperation clause of the insurance policy).

## V.      Leave to Amend

Maurice requests that, if the Court deems Allstate's Motion meritorious, the Court allow Maurice to amend her Complaint to assert a common law bad faith claim against the UIM adjuster. Dkt. 25, pp. 11-12. Maurice contends the amendment, which is allowed under Washington law, will destroy diversity and require remand back to state court. *Id*. As correctly stated by Allstate, Maurice's request is not properly before the Court. *See* Dkt. 26, p. 9. Pursuant to Local Civil Rule 15, a party who seeks to amend a pleading must attach a copy of the proposed amended pleading an as exhibit to a motion or stipulation. Here, Maurice imbedded her request for leave to amend in her Response to Allstate's Motion and did not attach a copy of the proposed amended pleading. Therefore, her request to amend does not comply with the Local Civil Rules.

Moreover, under Washington State law, "employee adjusters are not subject to personal liability for insurance bad faith or per se claims[.]" *Keodalah v. Allstate Ins. Co.*, 194 Wash.2d 339, 353 (2019). As such, it appears an amendment would fail to state a claim and, thus, would be futile.

For these reasons, the Court recommends Maurice's request to be allowed to file an amended pleading be denied.

## VI. Conclusion

For the foregoing reasons, the Court recommends Allstate's Partial Motion for Summary Judgment (Dkt. 21) be granted. During oral argument the parties agreed that if the Motion is granted then the 2016 claims are dismissed; therefore, the Court recommends all claims arising from Allstate's conduct regarding the 2016 motor vehicle accident be dismissed.[3] Furthermore, the Court recommends denying Maurice's request to allow her to amend her complaint.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v Arn*, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on April 17, 2020, as noted in the caption.

Dated this 1st day of April, 2020.

David W. Christel
United States Magistrate Judge

---

[3] This Court makes no finding regarding whether Plaintiff can initiate a new lawsuit against Allstate related to the 2016 motor vehicle accident if Plaintiff complies with the policy provisions.