THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| RENEE C. MAURICE,<br><br>               Plaintiff,<br><br>  v.<br><br>ALLSTATE INSURANCE COMPANY.<br><br>               Defendant. | CASE NO. C19-1837-JCC<br><br>ORDER |

This matter comes before the Court on Plaintiff's objections (Dkt. No. 33) to the report and recommendation of the Honorable David W. Christel, United States Magistrate Judge (Dkt. No. 31). Having thoroughly considered the report and recommendation, the parties' briefing, and the relevant record, the Court finds oral argument unnecessary and hereby OVERRULES Plaintiff's objections, ADOPTS in part and REJECTS in part the report and recommendation, and GRANTS Defendant's motion for partial summary judgment (Dkt. No. 21) for the reasons explained herein.

I.     BACKGROUND

Plaintiff was involved in a 2016 car accident caused by another driver, Shawn Liu. (*See* Dkt. No. 1-1 at 3.) Plaintiff settled with Mr. Liu's insurer for $25,000. (*See* Dkt. No. 22 at 4.) At the time of the accident, Plaintiff was covered by an automobile insurance policy she purchased

from Defendant. (Dkt. No. 1-1 at 2.) The policy includes underinsured motorist ("UIM") benefits with limits of $100,000. (*Id.* at 6; Dkt. No. 22-1 at 3.) The policy states in relevant part:

> **Part VI**
> **Underinsured Coverage**
> . . .
> We will pay damages which an insured person is legally intitled to recover from the owner or operator of an underinsured motor vehicle because of bodily injury sustained by an insured person . . . The right to receive any damages will be decided by agreement between the insured person and Allstate.
> . . .
> **Proof of Claim: Medical Reports**
> As soon as possible, any person making claim must give us written proof of claim. It must include all details we may need to determine the amounts payable.
> . . .
> **Action Against Allstate**
> No one may sue us under this coverage unless there is full compliance with all the policy terms.

(Dkt. No. 22-1 at 10, 13).

On December 2017, Plaintiff opened a UIM claim with Defendant, maintaining that the $25,000 payment she received from Mr. Liu did not sufficiently compensate Plaintiff for her injuries. (Dkt. Nos. 1-1 at 5–6.) Defendant asked Plaintiff to submit information to allow it to fully evaluate her claim, including medical reports, bills, or other information justifying Plaintiff's claim for benefits. (Dkt. No. 22 at 4.) Plaintiff replied that she would send in a demand for UIM benefits after she finished treating her injuries. (*Id.*) Defendant asked Plaintiff via email to send documents relevant to her claim at least nine times in 2018 and 2019, but Plaintiff never sent Defendant information establishing her injuries or damages for the 2016 accident. (*Id.* at 4.)

On October 14, 2019, Plaintiff filed suit. (Dkt. No. 1-1.) The Court dismissed Plaintiff's bad faith and Insurance Fair Conduct Act claims relating to a 2013 accident. (Dkt. No. 24.) On January 16, 2020, Defendant filed the instant motion for partial summary judgment, asking the Court to dismiss Plaintiff's one remaining claim, a claim for breach of contract regarding the 2016 accident. (Dkt. No. 21.) On January 31, 2020, after Defendant had filed its motion, Plaintiff

sent an email to Defendant's adjuster, Matt Weis, requesting that Defendant "agree to a combined private arbitration of Ms. Maurice's 2013 and 2016 UIM claims." (Dkt. No. 25 at 13.) That email also provided "explicit authorization from Ms. Maurice for Allstate UIM to access all of the information, medical and otherwise, contained in her Allstate PIP and PIP Subrogation files for the 2013 and 2016 collisions." (*Id.*)

In his report and recommendation, Judge Christel recommends that the Court dismiss Plaintiff's breach of contract claim. (*See* Dkt. No. 31 at 11.) Plaintiff filed eight objections to Judge Christel's report and recommendation, (Dkt. No. 33), and Defendant filed a response to those objections (Dkt. No. 34.)

## II.  DISCUSSION

### A.  Legal Standard

A district court reviews *de novo* those portions of a report and recommendation to which a party objects. *See* 28 U.S.C. § 636(b)(1) (2018); Fed. R. Civ. P. 72(b)(3). The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions. *Id*. Objections must enable the district court to "focus attention on those issues—factual and legal—that are at the heart of the parties' dispute." *Thomas v. Arn*, 474 U.S. 140, 147 (1985). General objections, or summaries of arguments previously presented, have the same effect as no objection at all, since the court's attention is not focused on any specific issues for review. *See United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007).

In considering a Rule 56 motion to dismiss, "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In making such a determination, the Court must view the facts and justifiable inferences drawn in the light most favorable to the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). Once a motion for summary judgment is properly made and supported, the opposing party "must come forward

with 'specific facts showing that there is a *genuine issue for trial*.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (quoting Fed. R. Civ. P. 56(e)). Material facts are those that may affect the outcome of the case, and a dispute about a material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the non-moving party. *Anderson*, 477 U.S. at 248–49. Conclusory, non-specific statements in affidavits are not sufficient, and "missing facts" will not be "presumed." *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888–89 (1990). Ultimately, summary judgment is appropriate against a party who "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986).

**B.     Plaintiff's Objections**

1.     <u>Public Policy</u>

The insurance policy includes a clause requiring Plaintiff to submit written proof of claim to Defendant. (Dkt. No. 22 at 13.) Plaintiff argues that Judge Christel should have construed this clause according to Washington law that requires exclusionary clauses in UIM policies be construed in favor of coverage. (*See* Dkt. No. 33 at 4–5) (Plaintiff's first objection).

An exclusionary clause limits the scope of coverage in an insurance policy. *See Kyrkos v. State Farm Mut. Ins. Co.*, 852 P.2d 1078, 1080–81 (Wash. 1993) (discussing a policy that excluded coverage if the "vehicle [was] . . . owned or operated by a self insurer"). Because one of the guiding policies underlying Washington's UIM statute, Wash. Rev. Code § 48.22.030, is to "increase and broaden the protections of members of the public who are involved in automobile accidents," *see Clements v. Travelers*, 850 P.2d 1298, 1303 (1993), such a clause may violate the public policies underlying the statute. *See, e.g.*, *Kyrkos*, 852 P.2d at 1080–81. Thus, Washington courts sometimes void exclusionary clauses in UIM insurance policies on this basis. *See id.* In contrast, a cooperation clause in an insurance policy is a condition precedent provision, which identifies an event that must occur prior to a contract's performance or a breach

thereof. *See Ross v. Harding*, 391 P.2d 526, 530–31 (Wash. 1964). Washington courts recognize the validity of cooperation clauses in UIM policies. *See, e.g.*, *Oregon Auto. Ins. Co. v. Salzberg*, 535 P.2d 816, 818 (Wash. 1975) (discussing a clause that provided, "No action shall lie against the Company unless, as a Condition precedent thereto, the insured shall have fully complied with all the terms of this policy").

Here, the relevant provision is a cooperation clause. It states, "As soon as possible, any person making a claim must give [Allstate] written proof of claim. It must include all details we may need to determine the amounts payable. . . No one may sue [Allstate] under this coverage unless there is full compliance with all the policy terms." (Dkt. No. 22-1 at 13.) That language is nearly identical to the clause in *Salzberg*. *See* 535 P.2d at 818. Therefore, because the provision is a cooperation clause and not an exclusionary clause, the public policy rationale stated in *Clements* does not apply, and there is no public policy basis for voiding the cooperation clause. Accordingly, Plaintiff's objections are OVERRULED on this ground.

Plaintiff makes another public policy argument against enforcing the cooperation clause. Plaintiff objects to Judge Christel's holding that because Plaintiff did not submit a formal UIM demand to Defendant, Defendant did not breach its duties under the policy. (*See* Dkt. Nos. 31 at 8; 33 at 6–7) (Plaintiff's third objection). Plaintiff maintains that because UIM insurers "stand in the shoes" of the underlying tortfeasor, and the underlying tortfeasor could not have included a cooperation clause in their policy, Defendant should not be allowed to include one either. (*See* Dkt. No. 31 at 6–7.)

Absent a clear prior expression of public policy from the Washington state legislature or court decisions, Washington courts will not invoke public policy to override an otherwise proper contract. *State Farm Gen. Ins. Co. v. Emerson*, 687 P.2d 1139 (1984). Here, Washington's UIM statute, Wash. Rev. Code § 48.22.030, does not prohibit UIM insurers from enforcing cooperation clauses. To the contrary, Washington courts have enforced such provisions. *See Salzberg*, 535 P.2d at 818. Thus, Plaintiff has not identified a "clear prior expression" of public

policy that could support a finding that the cooperation clause is unenforceable. Therefore, Plaintiff's objections are OVERRULED on this ground.

### 2. Breach of Contract Claim

Plaintiff argues that Judge Christel's determination that Plaintiff's breach of contract claim was ripe is inconsistent with Judge Christel's recommended dismissal of the claim. (*See* Dkt. No. 33 at 5–6) (Plaintiff's second objection).

The ripeness doctrine is "intended to 'prevent the courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements.'" *Maldonado v. Morales*, 556 F.3d 1037, 1044 (9th Cir. 2009) (internal citation omitted). In assessing whether a case is ripe, Ninth Circuit courts consider two factors: "the fitness of the issues for judicial decision" and "the hardship to the parties of withholding court consideration." *Yahoo! Inc. v. La Ligue Contre Le Racisme Et L'Antisemitisme*, 433 F.3d 1199, 1211–12 (9th Cir. 2006) (quoting *Abbott Labs. v. Gardner*, 387 U.S. 136, 149 (1967)). In contrast, courts ruling on a motion for summary judgment consider whether the record establishes the existence of an element essential to the party's claim. *Celotex Corp.*, 477 U.S. at 324. Thus, Judge Christel's determination that Plaintiff's breach of contract claim "is ripe given that it is a live controversy," (*see* Dkt. No. 31 at 5), is unrelated to Judge Christel's determination that Plaintiff has not "established a successful breach of contract claim." (Dkt. No. 31 at 7.) Plaintiff's objections are OVERRULED on these grounds.

### 3. Actual Prejudice Requirement

Plaintiff objects to Judge Christel's conclusion that "the record indicates Allstate has suffered prejudice" due to noncompliance with the cooperation clause. (*See* Dkt. Nos. 31 at 9; 33 at 8–14) (Plaintiff's fourth and fifth objections).

If an insured fails to comply with a cooperation clause, and the insurer was actually prejudiced by the insured's breach, then the insurer may be released from its responsibilities. *Pub. Util. Dist. No. 1 of Klickitat Cty. v. Int'l Ins. Co.*, 881 P.2d 1020, 1029 (1994). Washington

1  courts have applied the prejudice requirement to insurance disputes involving "cooperation
2  clauses" and "no-action clauses." *See, e.g.*, *Salzberg*, 535 P.2d at 818. Such clauses are a
3  "condition precedent to any liability of the insurer." *Id.* Washington courts have generally
4  required an insurer to show "actual prejudice" before an insurer may deny an insured's claim for
5  failure to satisfy a cooperation clause. *See, e.g.*, *Pilgrim v. State Farm Fire & Cas. Ins. Co.*, 950
6  P.2d 479, 480 (Wash. Ct. App. 1997) (applying the actual prejudice requirement where the
7  insured refused to provide their insurer with relevant documents and finding that the insurer was
8  prejudiced); *Torres-Gonzales v. State Farm Fire & Cas. Co.*, No. C14-1393-JLR, Dkt. No. 19 at
9  3–4 (W.D. Wash. 2014) (noting the prejudice argument is typically examined as an affirmative
10 defense where the insurer has denied a claim because of the insured's failure to cooperate).
11 However, if the insurer has not denied the insured's claim, then the actual prejudice requirement
12 does not apply. *See Pilgrim*, 950 P.2d at 485.

13      In this case, the Court should reach the question of prejudice to Defendant only if the
14 Court concludes that Defendant has denied the claim and its denial was based on Plaintiff's non-
15 cooperation. Defendant maintains that because it never denied Plaintiff's claim, the requirement
16 does not apply. (*See* Dkt. No. 34 at 10.) Judge Christel concluded that because Plaintiff did not
17 make a demand or provide Defendant with information related to the 2016 accident prior to
18 initiating her lawsuit, Defendant does not yet have a duty to pay a claim—and therefore
19 Defendant has not breached its duty to pay Plaintiff benefits for the alleged UIM claim. (Dkt.
20 No. 31 at 7–8.) The Court finds Judge Christel's reasoning persuasive. Because Plaintiff has not
21 submitted the relevant documents as required by the policy's cooperation clause, (*see* Dkt. Nos.
22 22 at 2; 22-1 at 13), and Defendant maintains that it does not yet have the necessary information
23 it needs to evaluate the claim, (*see* Dkt. No. 34 at 9–10), the Court FINDS that Defendant has not
24 denied Plaintiff's UIM claim.

25      Accordingly, it is not necessary to consider whether Defendant was prejudiced by
26 Plaintiff's non-cooperation. *See Pilgrim*, 950 P.2d at 480. Such an inquiry would be relevant if

1  Defendant were to reject Plaintiff's claim on the grounds of non-cooperation and argue it has
2  been relieved of liability. Therefore, the Court makes no finding as to Defendant's actual
3  prejudice and REJECTS the report and recommendation as to this finding.

    4.  Futility

5    Plaintiff objects that Judge Christel erred by requiring Plaintiff to meet her contractual
6  obligation to submit written proof of claim, arguing such an exercise would have been futile.
7  (*See* Dkt. No 33 at 16) (Plaintiff's seventh objection). Specifically, Plaintiff argues that it would
8  have been futile to cooperate with the claims process because Defendant's past treatment of her
9  2013 claim demonstrates that Defendant "would likewise have failed to produce a policy limits
10 payment." (*Compare id.*, *with* Dkt. No. 25 at 10.) Plaintiff draws an analogy between the
11 policy's cooperation clause and administrative exhaustion (*Id.*) Plaintiff cites *Estate of Friedman*
12 *v. Pierce Cnty.*, 768 P.2d 462 (1989) for the proposition that a plaintiff need not exhaust
13 administrative remedies before filing suit when such an exhaustion would be futile. *Id.* But the
14 Court declines to import administrative law principles into this lawsuit over the breach of an
15 insurance contract. Plaintiff's objections are OVERRULED on this ground.

    5.  Dismissal with Prejudice

17   Judge Christel recommended that Defendant's partial motion for summary judgment "be
18 granted . . . [and that] all claims arising from Allstate's conduct regarding the 2016 motor vehicle
19 accident be dismissed." (*See* Dkt. No. 31 at 11.) Plaintiff objects to Judge Christel's
20 recommendation that dismissal of Plaintiff's breach of contract claims be with prejudice. (*See*
21 Dkt. No. 33 at 17) (Plaintiff's eighth objection). Given the Court's findings that Defendant has
22 not denied Plaintiff's UIM claim and that thus Defendant has not breached Plaintiff's policy,
23 dismissal with prejudice is appropriate. The Court makes no finding regarding whether
24 Plaintiff's motion to amend her complaint (Dkt. No. 35) to add extracontractual claims has merit
25 or whether Plaintiff can initiate a new lawsuit against Defendant related to the 2016 accident if
26 Plaintiff complies with the policy provisions but Defendant subsequently denies the claim.

Plaintiff's objections are OVERRULED on this ground.

### III. CONCLUSION

For the foregoing reasons, the Court hereby FINDS and ORDERS as follows:

1. Plaintiff's objections to the report and recommendation (Dkt No. 33) are OVERRULED;
2. Judge Christel's report and recommendation (Dkt. No. 31) is ADOPTED in part and REJECTED in part;
3. Defendant's motion for partial summary judgment (Dkt. No. 21) is GRANTED and Plaintiff's breach of contract claims arising from the 2016 motor vehicle accident are dismissed; and
4. Clerk is DIRECTED to send copies of this order to the parties and Judge Christel.

DATED this 31st day of May 2020.

John C. Coughenour
UNITED STATES DISTRICT JUDGE