UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

RENEE C. MAURICE,

          Plaintiff,

   v.

ALLSTATE INSURANCE COMPANY,

          Defendant.

CASE NO. 2:19-CV-1837-JCC-DWC

ORDER ON MOTION TO AMEND

The District Court referred this action to United States Magistrate Judge David W. Christel. Dkt. 6. Presently before the Court is Plaintiff Renee C. Maurice's FRCP 15(a)(2) Motion for Leave to Amend Her Complaint. Dkt. 35. The Court concludes Plaintiff's request to amend is sought in bad faith in an effort to defeat diversity jurisdiction. Therefore, the Motion to Amend (Dkt. 35) is denied.

**I.    Background**

In the Complaint, Plaintiff raises claims related to two motor vehicle accidents. Dkt. 1-1. Plaintiff was involved in a 2013 accident, the facts of which are not relevant to the Motion to Amend. Plaintiff was also involved in a 2016 car accident caused by a third-party, Shawn Liu.

*See* Dkt. 1-1, p. 3. Plaintiff settled with Liu's insurer for $25,000. *See* Dkt. 22, p. 4. At the time of the accident, Plaintiff was covered by an automobile insurance policy she purchased from Defendant. Dkt. 1-1, p. 2. The policy includes underinsured motorist ("UIM") benefits with limits of $100,000. *Id.* at 6; Dkt. 22-1, p. 3. In the Complaint, Plaintiff alleges only a breach of contract claim arising from the 2016 accident which the Court has dismissed. *See* Dkt. 1-1; Dkt. 43.

On April 30, 2020, approximately one month after the undersigned recommended the claim arising from the 2016 accident be dismissed with prejudice, Plaintiff filed the Motion to Amend. Dkt. 35. In the Motion to Amend, Plaintiff seeks to add Matt Weiss, an Allstate UIM adjuster, as a defendant and add extra-contractual claims against Allstate and Matt Weiss related to their handling of Plaintiff's UIM claim arising from the 2016 accident. *Id*. On May 31, 2020, the Court dismissed the sole claim arising from Plaintiff's 2016 accident with prejudice as Plaintiff had failed to show she complied with her policy and made a demand for coverage benefits. Dkt. 43. Thus, the only claims currently pending in this litigation are a breach of contract claim and a Consumer Protection Act ("CPA") claim related to the 2013 accident.

**II.     Discussion**

Pursuant to Rule 15(a) of the Federal Rules of Civil Procedure,

(1) *Amending as a Matter of Course*
A party may amend its pleading once as a matter of course within: (A) 21 days after serving it, or
(B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.

(2) *Other Amendments*
In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave.  The court should freely give leave when justice so requires.

As the time has expired for filing an amendment as a matter of course, Plaintiff cannot amend pursuant to Rule 15(a)(1). Further, Defendant has not provided written consent allowing Plaintiff to amend. *See* Dkt. 37. Thus, to amend the Complaint, Plaintiff must have the Court's leave. *See* Fed.R.Civ.P. 15(a)(2).

"Rule 15(a) is very liberal and leave to amend 'shall be freely given when justice so requires.'" *AmerisourceBergen Corp. v. Dialysis West, Inc.*, 445 F.3d 1132, 1136 (9th Cir. 2006) (*quoting* Fed.R.Civ.P. 15(a)). In determining whether leave to amend is appropriate, the district court considers 'the presence of any of four factors: bad faith, undue delay, prejudice to the opposing party, and/or futility.'" *Owens v. Kaiser Foundation Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001) (quoting *Griggs v. Pace Am. Group, Inc.*, 170 F.3d 877, 880 (9th Cir. 1999)). After review of the record, the Court finds Plaintiff's Motion was brought in bad faith.

"[T]he motive of a plaintiff in seeking the joinder of an additional defendant is relevant to a trial court's decision to grant the plaintiff leave to amend his [or her] original complaint." *Desert Empire Bank v. Ins. Co. of N. America*, 623 F.2d 1371, 1376 (9th Cir. 1980). "[A] trial court should look with particular care at such motive in removal cases, when the presence of a new defendant will defeat the court's diversity jurisdiction and will require a remand to the state court." *Id.* Likewise, a court deciding whether to grant a motion for leave to amend under Rule 15(a) must determine the true purpose of the amendment and decide whether amendment is sought "in bad faith." *See Eminence Capital, LLC v. Aspeon*, 316 F.3d 1048, 1052 (9th Cir. 2003).

The record shows Plaintiff's true purpose in seeking to amend her Complaint is to defeat this Court's diversity jurisdiction. First, in her Response to Allstate's Motion for Summary Judgment, Plaintiff "sought" to amend her Complaint to add a claim against Allstate's UIM

adjuster. Dkt. 25, pp. 11-12. Plaintiff did not provide details about the merits of the claim and simply stated "[s]uch an amendment would destroy diversity and result in remand of this entire action back to state court." *Id*. at 12. Plaintiff's first attempt to amend shows the true purpose for seeking to amend the Complaint is to destroy diversity and remand this entire action back to state court.

Second, in the Motion to Amend, Plaintiff asserts the UIM adjuster should be added, which would require this case be remanded "back to state court where it belongs, and proceed according to Washington law - substantive and procedural – as it should." Dkt. 35, p. 6. Plaintiff's statement in the Motion to Amend again shows Plaintiff's true purpose for seeking to amend the Complaint is to require remand back to state court.

Third, Plaintiff seeks to add claims based on alleged conduct unrelated the events giving rise to this litigation. In the Motion to Amend, Plaintiff seeks to add extra-contractual claims arising from Defendant's and the UIM adjuster's conduct related only to a 2016 accident. The only claims pending in this case are claims for breach of contract and a CPA violation arising from a 2013 accident. Dkt. 1-1, 24, 43. Plaintiff contends the amendment would defeat diversity for the entire case – including the 2013 claims. The 2016 claims are unrelated to the claims now pending in this action and Plaintiff has provided only vague allegations to show the UIM adjuster's conduct gives rise to extra-contractual claims. *See* Dkt. 35. Moreover, it appears Plaintiff did not intend to pursue these extra-contractual claims until after dispositive motions were filed. *See* Dkt. 38, p. 5 (December 11, 2019 email indicating Plaintiff was not asserting any extra-contractual claims related to the 2016 accident). Plaintiff's vague allegations and attempts to add claims unrelated to the events giving rise to this litigation also show her true purpose in seeking to amend the Complaint is to defeat diversity jurisdiction.

Based on the record before the Court, the Court finds Plaintiff's true purpose in attempting to amend the Complaint is to defeat diversity jurisdiction. Therefore, the Motion to Amend was brought in bad faith. *See McCabe v. General Foods Corp.*, 811 F.3d 1336, 1340 (9th Cir. 1987) (affirming denial of an amendment that was offered in bad faith in order to destroy removal jurisdiction).

### III. Conclusion

As the record shows the Motion to Amend was brought to defeat diversity jurisdiction and require this Court to remand the case back to state court, the Court finds leave to amend was sought in bad faith. Accordingly, the Motion to Amend (Dkt. 35) is denied.

Dated this 16th day of June, 2020.

David W. Christel
United States Magistrate Judge