1

2

3

4

5

6

7

8

9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

10

RENEE C. MAURICE,

11

Plaintiff,

12

v.

13

ALLSTATE INSURANCE
COMPANY,

14

Defendant.

15

CASE NO. 2:19-CV-1837-JCC-DWC

ORDER ON MOTION TO COMPEL

16

17

18

19

        This matter comes before the Court on Defendant's Motion to Compel. Dkt. 40. Having

thoroughly considered the parties' briefing and the relevant record, the Court GRANTS the

motion in part and DENIES the motion in part for reasons explained herein.

### I.    Background

20

21

22

23

24

        The Court has previously set forth the facts of this case. Dkts. 19, 31, 43. Defendant

alleges that Plaintiff Renee Maurice has failed to fully respond to many of its interrogatories and

requests for production. *See* Dkt. 40. Plaintiff argues that Defendant is not entitled to the

information Defendant seeks even under even the broad standards of federal court discovery, that

1 she has provided complete answers and responses to Defendant's discovery requests, and is

2 working to provide additional materials. *See* Dkt. 44.[1]

3    **II.    Discussion**

4         **A.  Legal Standard**

5         The Court strongly disfavors discovery motions and prefers that the parties resolve

6 discovery issues on their own. However, if the parties are unable to resolve a discovery dispute,

7 the requesting party may move for an order to compel. Fed. R. Civ. P. 37(a)(1). "Parties may

8 obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or

9 defense . . . ." Fed. R. Civ. P. 26(b)(1). Information is relevant if it is "reasonably calculated to

10 lead to the discovery of admissible evidence." *Surfvivor Media, Inc. v. Survivor Prods.*, 406 F.3d

11 625, 635 (9th Cir. 2005) (quoting *Brown Bag Software v. Symantec Corp.*, 960 F.2d 1465, 1470

12 (9th Cir. 1992)). In addition to relevance, the Court must determine whether discovery is

13 proportional, "considering the importance of the issues at stake in the action, the amount in

14 controversy, the parties' relative access to relevant information, the parties' resources, the

15 importance of the discovery in resolving the issues, and whether the burden or expense of the

16 proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). The Court has broad

17 discretion to decide whether to compel disclosure of discovery. *Phillips ex rel. Estates of Byrd v.*

18 *Gen. Motors Corp.*, 307 F.3d 1206, 1211 (9th Cir. 2002).

19

20 _____

21 [1] The Court directed the parties in this case to meet, confer and provide the Court with a status report regarding
whether the scope of the requested discovery in the Motion to Compel was impacted by the Court's previous rulings,

22 which narrowed this case to claims arising only from a 2013 motor vehicle accident. Dkt. 48; *see also* Dkts. 43, 47.
The parties filed a Joint Status Report regarding the Motion to Compel requesting the Court consider and rule on all

23 issues in the Motion to Compel, as the parties are discussing potential alternative dispute resolution, and the
discovery sought by Defendant's Motion to Compel will assist efficient resolution of Plaintiff's claims. Dkt. 49.

24 Thus, the Court finds all issues raised in the Motion to Compel are ripe for review.

1      1.   Interrogatory No. 1, Request for Production Nos. 8 and 9

2      Interrogatory No. 1 asks Plaintiff to identify all her health providers and pharmacies

3  from January 1, 2006 to the present while Request for Production Nos. 8 and 9 ask her to

4  produce all her medical records from January 1, 2006 to the present from those providers.

5  Dkt. 41-1, pp. 8-9, 22.[2]

6      Plaintiff was seriously injured in a car accident in 2006 or 2007 which resulted in her

7  having neck and shoulder surgery among other injuries. Dkt. 41-1, p. 19. Plaintiff is claiming

8  neck and shoulder injuries in this case. Dkt. 41-2, p. 3. Thus, Plaintiff's entire medical history

9  from January 1, 2006 to the present is relevant and discoverable, since information from this

10  period may shed light on whether all Plaintiff's injuries were caused by her 2013 accident. *See*

11  *Julie S. Putterman v. Supreme Chain Logistics, Ltd.*, Case No. C18-0376-RSM, Dkt. No. 44 at 5

12  (W.D. Wash. 2018) (finding that medical records from 10 years prior to the incident at issue

13  were relevant); *Melendez v. Gulf Vessel Mgmt., Inc.*, Case No. C09-1100-MJP, Dkt. No. 25 at 2

14  (W.D. Wash. 2010) (same).

15      Defendant proposed a form of medical release for Plaintiff to sign. Dkt. 41-3 (Exhibit C).

16  Plaintiff proposed an alternative form of medical release. Dkt. 41-5 (Exhibit E). Following a

17  discovery conference between counsel, Defendant proposed a form of release which revised the

18  form of release proposed by Plaintiff. Dkt. 41-9 (Exhibit I). Plaintiff has not accepted the

19  proposed modified terms and has not proposed any alternative terms.

20      The Court finds the information relevant and proportional. The Court GRANTS

21  Defendant's motion on this ground and ORDERS Plaintiff to provide a complete answer to

22  _____

23      [2] While the Interrogatory and Requests for Production ask for Plaintiff's medical providers dating back to
January 1, 2008, Allstate later requested the identity of providers dating back to January 1, 2006 after Plaintiff

24  revealed she was in a serious car accident in 2006 or 2007. Dkt. 41-1, p. 19; Case Decl., Ex. A.

1   Interrogatory No. 1 and to Request for Production Nos. 8 and 9 from January 1, 2006 to the

2   present. The parties shall meet and confer to finalize the form of release.

3          To the extent that the interrogatory or requests for production call for a legal or medical

4   opinion (because of the use of the term "proximately caused"), Plaintiff is not required to give

5   one. Plaintiff is only required to identify those damages and costs that *she believes* were caused

6   by the accident.

7                    2.   Interrogatory Nos. 3, 4, and 5

8          Interrogatory Nos. 3, 4, and 5 ask for information regarding physical and emotional

9   injuries Plaintiff sustained during her accidents, and whether she had any pre-existing conditions

10  that were proximately caused or exacerbated by these accidents. Dkt. 41-1, pp. 10-13.

11         While Plaintiff provided responses to these interrogatories, Defendant asserts those

12  responses were not complete. Dkt. 40, pp. 7-8. Plaintiff contends she answered these

13  interrogatories in full. Dkt. 44, pp. 6-7.

14         These interrogatories seek relevant and discoverable information. With respect to

15  Interrogatory No. 3, which seeks information on the injuries caused by the accidents, the Court

16  finds Plaintiff's response adequate except for subpart (d). Regarding Interrogatory No. 4,

17  Plaintiff indicated pre-existing back and neck injuries from prior accidents, but otherwise did not

18  answer subparts (a), (b) and (e). Dkt. 41-1, p. 12. Interrogatory No. 5 asks Plaintiff to describe

19  any mental or emotional injuries, general damages, or other non-economic damages caused or

20  made worse by her accidents. *Id.* Plaintiff's response to Interrogatory No. 5 is not complete and

21  Defendant agrees this Interrogatory does not seek to have Plaintiff calculate her general

22  damages, only that she identify and describe them in detail. Dkt. 40, p. 8.

23

24

1    The Court GRANTS in part Defendant's motion on this ground and ORDERS Plaintiff to

2   provide a complete answer to subpart (d) of Interrogatory No. 3, subparts (a), (b) and (e) of

3   Interrogatory No. 4 and the entirety of Interrogatory No. 5.[3]

4                    3.    Interrogatory Nos. 6 and 12, Request for Production Nos. 15, 16, and 37

5    Interrogatory No. 6 asks Plaintiff to identify economic damages Plaintiff suffered and to

6   provide details about those damages. Dkt. 41-1, p. 13. Plaintiff responded by stating she is not

7   making a wage loss claim, but is claiming compensation at an appropriate hourly rated for time

8   she had away from work to attend collision related medical appointments. *Id;* Dkt. 41-2, pp. 2, 7;

9   Dkt. 41-10 (Exhibit J). Defendant asserts Plaintiff's response is contradictory by asserting no

10   wage loss but calculating her economic damages based on her hourly paralegal rate. Dkt. 40, p.

11   9.

12    Interrogatory No. 12 seeks information regarding Plaintiff's employment history and

13   details regarding her wages and salary. Dkt. 41-1, p. 16. Plaintiff's response to Interrogatory No.

14   12 identifies her employer, but nothing more. *Id.* Requests for Production Nos. 15, 16, and 37

15   seek employment records and documents that support or refute her alleged economic damages.

16   *Id.* at 24, 30.

17    While Plaintiff is not asserting a wage loss claim, she has tethered her claim for economic

18   damages to her employment. Discovery may provide relevant information concerning whether

19   she actually missed time at work, was paid less because of it, or if her job performance suffered.

20   *See e.g. Weber v. Conway Trans. Servs., Inc.*, 17-CV-832S(SR), 2019 WL 188236, at *1-2

21   (W.D.N.Y. Jan. 14, 2019) (finding that to the extent that Plaintiff claimed his injury affected his

---

22

23        [3] Again, to the extent that the interrogatories calls for a legal opinion (because of the use of the term "proximately caused") or a medical opinion, Plaintiff is not required to give one. Plaintiff is only required to identify

24   those damages and costs that *she believes* were caused by the accident.

1  ability to perform his job duties, Defendants were entitled to obtain employment records

2  documenting the extent and duration of Plaintiff's limitations). As such, Interrogatories Nos. 6

3  and 12 and Requests for Production Nos. 15, 16, and 37 are therefore relevant and discoverable.

4  The Court GRANTS Defendant's motion on this ground and ORDERS Plaintiff to

5  provide a complete answer to Interrogatories Nos. 6 and 12. Plaintiff shall also respond to

6  Requests for Production Nos. 15, 16, and 37. The Court will consider entry of a protective order

7  to provide confidentially to the employment records or other confidential information in this

8  case. Plaintiff shall sign an appropriate form of release for the employment records.[4]

9  4.  Interrogatory No. 8, Request for Production No. 10

10  Interrogatory No. 8 and Request for Production No. 10 ask Plaintiff to state the factual

11  basis for her claims under the Consumer Protection Act ("CPA") and the Unfair Claims

12  Settlement Practices Act. Dkt. 41-1, pp. 14, 22.

13  Plaintiff contends she responded by providing what she now knows, is simply required to

14  provide a "short and plain statement of facts", and her answer will be supplemented after Allstate

15  produces its discovery.  Dkt., 44, pp. 8-9. Allstate produced its claim file on June 5, 2020. Dkt.

16  45, p. 6. Defendant is entitled to know the basis for these claims.

17  The Court GRANTS Defendant's motion on this ground and ORDERS Plaintiff to

18  provide a complete answer to Interrogatory No. 8 and to respond to Request for Production No.

19  10.

20  5.  Interrogatory Nos. 10 and 11

21  Plaintiff asserts an underinsured motorist ("UIM") claim to recover allegedly

22  uncompensated damages from Allstate for the injuries she sustained in her 2013 and 2016

23  _____

24  [4] *See supra* footnote 3.

ORDER ON MOTION TO COMPEL - 6

automobile accidents. Dkt. 41-2 (Exhibit B). The Court has dismissed Plaintiff's breach of contract claims arising from the 2016 motor vehicle accident. Dkt. 43. Thus, the only remaining UIM claim is for the uncompensated damages from the 2013 accident. Interrogatory No. 10 seeks information regarding the 2013 accident. Dkt. 41-1, p. 15. Interrogatory No. 11, which seeks information regarding the 2016 accident, is moot following the dismissal of Plaintiff's 2016 breach of contract claim. *Id.* at 15-16.

Plaintiff responded to Interrogatory No. 10, but did not respond with any information as to how the settlements Plaintiff entered with the at-fault driver for the 2013 accident were applied to the damages she alleges against Allstate. *Id.* at 15. Plaintiff asserts privacy and overreach and that Defendant already has this information. *Id* at 16. This information is relevant and discoverable.

The Court GRANTS Defendant's motion as to Interrogatory No. 10 and ORDERS Plaintiff to provide a complete answer to Interrogatory No. 10 by specifically describing how Plaintiff used or spent her settlement with GEICO and Ms. Bennett. The Court DENIES Defendant's motion as to Interrogatory No. 11.

6.  Interrogatory No. 13

Interrogatory No. 13 asks Plaintiff to describe in detail what she did on her various vacations since January 1, 2010. Dkt. 41-1, pp. 16-17.

Plaintiff seeks to recover damages from Allstate for the negative impact her motor vehicle accident had on her social life, hobbies, and activities. Plaintiff provided an answer to Interrogatory No. 13, but not explain what she did on the vacations she included in her response, stating that her activities were "leisure". Dkt. 41-1, p. 17. Thus, Plaintiff has only partially answered this interrogatory. Plaintiff has not identified and described in detail what she did, or the activities she engaged in, on the various trips she listed. This inquiry is relevant and

1  discoverable because Plaintiff alleges her injuries have limited her activities and reduced her

2  enjoyment of life. Dkt. 41-2, p. 7.

3          The Court GRANTS Defendant's motion as to Interrogatory No. 13 and ORDERS

4  Plaintiff to provide a complete answer to Interrogatory No. 13 by specifically describing the

5  activities she engaged in while on the trips she listed in her initial response.

6                  7.  Interrogatory No. 16

7          Interrogatory No. 16 asks Plaintiff to provide an itemized list of her medical expenses

8  and bills that she contends were "proximately caused" by the accident and to state whether the

9  expenses were paid with the funds she received from the disbursement of the at-fault drivers'

10  2013 insurance policy. Dkt. 41-1, p. 19.

11          This information has a direct bearing on whether a portion or all the damages Plaintiff

12  alleges in this action have already been compensated. Plaintiff states she has produced a

13  spreadsheet concerning the 2013 collision, but this spreadsheet does not appear to have been

14  included in the record. *Id.* Nonetheless, Plaintiff has not indicated which, if any, of her medical

15  expenses have been paid with the money she received from the at-fault driver. The information is

16  highly relevant because Plaintiff's claim is that the money she received from the at-fault driver

17  was not enough to compensate her for her injuries.

18          Therefore, the Court ORDERS Plaintiff to fully respond to Interrogatory No. 16 and

19  GRANTS Defendant's motion on this ground.[5]

20                  8.  Request for Production Nos. 1-7, 10, 12-18, 20-25

21          Defendant asserts Plaintiff has only produced a handful of documents responsive to four

22  of Defendant's 38 requests for production (Nos. 21, 23, 33, and 35) and entirely failed to produce

23  _____

24          [5] *See supra* footnote 3.

1  documents responsive to most of Allstate's Requests for Production. Dkt. 40, pp. 11-12.

2  Defendant specifically notes Plaintiff has not responded to Requests for Production that ask for

3  documents, communications, emails, text messages, photographs, videos, and Facebook

4  materials which:

- Relate to, support, establish, refute, or negate Plaintiff's wide ranging alleged
5    damages (Request for Production Nos. 12-17, 20-25, 37);
- Relate to, support, establish, refute, or negate Plaintiff's CPA claim and her
6    damages caused by Allstate (Request for Production Nos. 10, 18);
7  - Relate to Allstate, Plaintiff's 2013 car accident UIM claim, the accidents and their
    aftermath, and this lawsuit (Request for Production Nos. 2-7, 20-25);
8  - Relate to, support, establish, refute, or negate Plaintiff's economic damages and
    job that she claims was adversely impacted by injuries (Request for Production
9    Nos. 15-16, 37); and
10  - Relate to, support, establish, refute, or negate certain of Plaintiff's interrogatory
    answers (Request for Production Nos. 1, 15-16, 20-25).
11

12  Dkt. 41., Case Decl., Exs. A, B, J, K, L. In the Motion to Compel, Defendant asks the Court to

13  "compel Plaintiff to produce all emails, texts, photos, videos and social media responsive to

14  these requests." Dkt. 45, p. 5.

15      Counsel for Plaintiff asserts she has diligently searched her electronic accounts and has

16  not found any records which are responsive in any way to the requests. Dkt. 44, pp. 10-11.

17  Plaintiff did not provide a sworn statement explaining what search, if any, she made to arrive at

18  the conclusion she has no responsive records.

19      The Court finds the information Defendant seeks in its Requests for Production to be

20  relevant and discoverable and that Plaintiff has not adequately responded to Requests for

21  Production 1-7, 10, 12-18, 20-25 as it relates to producing emails, texts, photos, videos and

22  social media responsive to these requests.

23      Moreover, as Plaintiff has not provided the Court an explanation regarding her search

24  methods, the Court cannot determine whether she has indeed conducted a thorough search and

1   whether she could locate and produce the responsive materials. In the meet and confer process,

2   Defendant's counsel offered to hire an independent third-party e-discovery vendor to access

3   Plaintiff's electronic devices and online accounts to retrieve, download, and produce Plaintiff's

4   social media, texts, emails, photos, and videos relevant and responsive to Defendant's requests

5   for production.  Dkt. 41-8, p. 2. Plaintiff's counsel did not agree to the offer. *Id.*

6        Therefore, the Court GRANTS Defendant's motion and authorizes Allstate to hire a

7   third-party e-discovery service, at no cost or burden to Plaintiff, to access her devices and

8   accounts and locate and produce responsive materials to the Requests for Production.

9        **III.    Conclusion**

10       For the foregoing reasons, Defendant's Motion to Compel is GRANTED in part and

11  DENIED in part. Plaintiff is COMPELLED to comply with this order by August 11, 2020.

12  Defendant's request for attorneys' fees and expenses pursuant to Fed. R. Civ. P. 37(a)(5) is

13  DENIED. The parties are ORDERED to meet and confer to resolve any future discovery

14  disputes.

15       Dated this 28th day of July, 2020.

16

17

18

David W. Christel
United States Magistrate Judge

19

20

21

22

23

24